IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GLR-19-0314 |
| | * | |
| DELANDO BROWN, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

## GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE

The United States of America moves *in limine* to admit evidence during trial under Rule 401, 404(b), and 609 of the Federal Rules of Evidence.

## FACTUAL BACKGROUND

On May 19, 2019, Delando Brown ("Brown" or the "Defendant") rented and shot two firearms from FreeState Gun Range ("FreeState") in Middle River, Maryland. A receipt from FreeState shows that, on that day, Brown rented the firearms, rented eye and ear protection for himself and a woman he was with, and purchased 100 rounds of ammunition and one paper target. Brown (and the woman) proceeded to shoot the firearms for approximately 45 minutes at the range. At one point during these 45 minutes, the woman took a video of Brown shooting, and Brown posted the video to his Instagram account: Pluglife_jizzle. In addition, FreeState also has video inside the shooting range which shows Brown shooting the firearms. Brown returned the firearms at the conclusion of his time at the range and departed.

Brown filled out and signed a contract with FreeState before renting and firing the guns. On that paperwork he was asked if he had been convicted of a crime that carried more than one-year imprisonment. Brown said no. Brown has nine prior convictions of this nature. Brown has been convicted of a crime that carried more than one-year imprisonment at ages 17, 18 (twice),

21, 23, 25, 28 (twice), and 30. Counting only time that was not suspended, Brown was sentenced to serve more than a year in prison on seven occasions. And, on one of those occasions, in 2011, he was charged and convicted after trial in the state of Maryland of being in possession of a firearm while having a felony conviction. Brown knew he had been convicted of a crime punishable by more than one year on May 19, 2019 when he answered "no" to that question and possessed the two firearms.

The firearms Brown rented were a 9mm Glock and a .22 caliber Ruger. He purchased 50 rounds of 9mm ammunition for the Glock and 50 rounds of 22LR ammunition to use in Ruger. The Government will present evidence that the firearms and ammunition meet the definition of those terms as defined by 18 USC §921. FreeState employees will testify they purchase the ammunition they sell from outside the state of Maryland. A firearms expert will explain that the firearms and ammunition affected interstate commerce.

## SUMMARY OF THE ARGUMENT

The Government seeks to introduce evidence of Brown's prior felon in possession of a firearm conviction from 2011 and a video of him in possession of a firearm that he posted to Instagram in 2018 pursuant to Federal Rules of Evidence 404(b) to prove Brown's knowledge and intent with regard to the firearm possession in this case. The defendant's state of mind regarding knowledge that he was in possession of the firearms (and ammunition) are an element the Government must prove in this case. His possession of firearms on prior occasions goes to prove that his possession in this case was done knowingly and not by accident or mistake.

The Government also seeks to introduce all documents relating to Brown's prior criminal convictions for crimes that were punishable by more than one year under Federal Rule of Evidence 401 to prove Brown's status of knowing that he had such a prior conviction. This would include

certified convictions and video of a portion of Brown's prior trial from 2011 (where he stipulated that he could not possess a firearm), and his plea/sentencings from his 2008 conviction and violation of probation for that conviction in 2011 (where he was told of the maximum penalties for and that the drug trafficking crime of which he was convicted was a felony).

The Government finally seeks to introduce Brown's prior criminal convictions under Federal Rule of Evidence 609 for impeachment purposes if Brown chooses to testify.

## ARGUMENT

I.  **Brown's Prior Firearm Possession Should be Admitted under Federal Rule of Evidence 404(b) to Prove Knowledge of Possession.**

Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts" is admissible for any valid purpose, including to prove motive, intent, plan, knowledge, *modus operandi,* and lack of mistake. *See United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (quoting Fed. R. Evid. 404(b)). This type of evidence is not admissible to prove a defendant's character or propensity to commit a crime. *Id.* But Rule 404(b) is a rule of inclusion, "admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Young*, 248 F.3d 260, 271–72 (4th Cir. 2001) (internal quotation marks and citation omitted).

For extrinsic evidence to be admissible under Rule 404(b), the proffered evidence must be (i) relevant to an issue other than character (*e.g.*, knowledge, intent, motive, opportunity, modus operandi, or absence of mistake); (ii) necessary to prove an element of the crime charged; and (iii) reliable. *United States v. Queen*, 132 F.3d 991, 995, 995 (4th Cir. 1997); *see also United States v. Siegel*, 536 F.3d 306, 317–18 (4th Cir. 2008). In addition, "the probative value of the evidence must not be substantially outweighed by its prejudicial effect," which "involves a Rule 403 determination." *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010); *Queen*, 132 F.3d at

995.

The Government seeks to introduce evidence of Brown's prior felon in possession of a firearm conviction from 2011 and a video of him in possession of a firearm that he posted to Instagram in 2018 ("the Instagram video") pursuant to Federal Rules of Evidence 404(b) to prove Brown's knowledge and intent with regard to the firearm possession in this case. The Instagram video is attached to this motion as Exhibit A.

> A. *Brown's prior felon in possession conviction from 2011 and prior evidence of possession from October 2018 are relevant to prove knowledge.*

Other acts evidence can be admitted to prove evidence of knowledge and intent. Fed. R. Evidence 404(b); *Queen*, 132 F.3d at 994-95. "[T]he more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes." *Id* at 998; *see also United States v. Rawle*, 845 F.2d 1244, 1247 n.3 (4th Cir. 1988) (evidence is relevant if it is "sufficiently related to the charged offense").

"[I]n cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." *United States v. Brown*, 398 F. App'x 915, 917 (4th Cir. 2010) (quoting *United States v. Cassell,* 292 F.3d 788, 793 (D.C.Cir. 2002)). Specific to intent to possess a firearm, the Fourth Circuit and numerous other circuit courts have held that "past possession of a firearm is relevant to proving intent." *United States v. Comstock*, 412 F. App'x 619, 624 (4th Cir. 2011) (citing *United States v. Moran,* 503 F.3d 1135, 1144 (10th Cir. 2007) ( "[T]he fact that [defendant] *knowingly* possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense."); *United States v. Walker,* 470 F.3d 1271, 1274 (8th Cir. 2006) ("Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent...."); *United States v. Jernigan,* 341 F.3d 1273,

4

1281 (11th Cir. 2003) ("[T]he caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)."); *United States v. Cassell,* 292 F.3d 788, 794–95 (D.C.Cir. 2002) ("A prior history of intentionally possessing guns ... is certainly relevant to the determination of whether a person in proximity to such a chattel on the occasion under litigation knew what he was possessing and intended to do so.")).

Here, Brown is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Brown's prior conviction of felon in possession of a firearm from 2011 and video of him holding a firearm receiver from October 2018 involve the same act that is at issue in this case—namely, possession of a firearm. Brown has suggested that his defense will involve implying that he did not understand that he could not shoot a gun at a gun range. The Government should be able to rebut this argument not only by pointing out that a mistake of law is no defense, but also that Brown knows what possession of a firearm means given that Brown possessed firearms on previous occasions. *Cf. United States v. Trent*, 443 Fed. Appx. 860, 863 (4th Cir. 2011) (affirming district court's admission of evidence that the defendant possessed uncharged firearms three and four years prior where, like the case before it, the defendant fled from the police in his vehicle and tried to dispose of those handguns); *United States v. Comstock*, 412 Fed. App'x 619, 624 (4th Cir. 2011) (affirming Rule 404(b) admission of video of defendant walking around with at least one hunting rifle in felon-in-possession case, where he argued that he did not have knowledge of pistols in the trunk of his car); *United States v. Brown*, 398 Fed. App'x 915, 917 (4th Cir. 2010) (per curiam) (concluding that evidence of the defendant's prior possession of firearms was admissible and probative as to his intent to exercise dominion and control over

firearm in case where government sought to prove constructive possession under § 922(g)); *United States v. McDonald*, 211 Fed. App'x 222, 225 (4th Cir. 2007) (per curiam) (holding that evidence that defendant "had previously been arrested for the possession of a firearm was relevant to his knowledge and intent to possess the handgun recovered here").

> B. *The Evidence of Prior Firearm Possession is Probative of an Essential Element of the Crime.*

Evidence is necessary "where it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime." *See, e.g.*, *United States v. Byers*, 649 F.3d 197, 209 (4th Cir. 2011); *see also United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991). In the case of prior possession, the evidence is "necessary in the sense that it is probative of an essential claim or an element of an offense" because it speaks to [the defendant's] state of mind. *United States v. Trent*, 443 Fed. Appx. 860, 863 (4th Cir. 2011). "[A] logical connection exists between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." *United States v. Jernigan,* 341 F.3d 1273, 1281 (11th Cir. 2003).

Here, to prove Brown's guilt under 18 U.S.C. § 922(g), the Government is required to establish his knowing possession of the firearm beyond a reasonable doubt. *See, e.g.*, *United States v. Scott*, 424 F.3d 431, 435 (4th Cir. 2005) ("[A] felon's possession of a firearm must be both voluntary and intentional to be punishable under § 922(g)(1)[.]"); *United States v. Adams*, 814 F.3d 178, 183 (4th Cir. 2016). By pleading not guilty in this case, Brown has placed his knowledge and intent in dispute. *See, e.g.*, *United States v. Sanchez*, 118 F.3d 192, 196 (4th Cir. 1997) ("A not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent."); *United States v. Robinson*, 2001 WL 789083 at *1 (4th Cir. Jul. 12, 2001) ("Robinson's not guilty plea placed his intent to conspire to steal and

possess firearms and ammunition at issue …"). This makes the proffered 404(b) evidence that Brown possessed firearms on other occasions in 2011 and 2018 probative of an essential element of the charged crime. *See*, *e.g.*, *United States v. Trent*, 2011 WL 3664300 at *2 (4th Cir. Aug. 22, 2011) (evidence of prior firearm possession necessary to show defendant's state of mind with regard to handgun discovered in his vehicle); *see also Huddleston v. United States*, 485 U.S. 681, 685 (1988) ("Extrinsic acts evidence may be critical … especially when th[e] issue involved the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.").

    C.  *The Evidence of Prior Firearm Possession is Reliable*

Evidence is reliable if it has a sufficient factual basis that it could conceivably be credited by "a rational and properly instructed juror." *United States v. Bailey*, 990 F.2d 119, 123 (4th Cir. 1993). Here, Brown's prior firearm conviction from 2011 evidence would come in the form of the court records of the conviction. Further, the evidence of the 2018 possession of the receiver is a video of Brown himself holding the firearm which was posted to his own social media page. Both pieces of evidence reliably show that Brown possessed a firearm in the past.

    D.  *The Evidence is Not Unfairly Prejudicial*

The fact that evidence is prejudicial or harmful to a defendant's case is not a basis for exclusion. *See, e.g., United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998); *Siegel*, 536 F.3d at 319 ("[A]ll evidence suggesting guilt is prejudicial to a defendant … that kind of general prejudice, however, is not enough to warrant exclusion of otherwise relevant, admissible evidence."); *cf. United States v. Bradley*, 145 F.3d 889, 893 (7th Cir. 1998) ("To the extent that the defendant perceives Rule 403 as a tool designed 'to permit the Court to "even out" the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none,' he is

mistaken."). Evidence is subject to exclusion under Rule 403 only where it is *unfairly* prejudicial—that is, only where the evidence is of such a character that it results in an undue tendency to suggest decision on an improper basis. Fed. R. Evid. 403, Advisory Committee Notes to 1972 Amendments; *see also Queen*, 132 F.3d at 997 ("[T]he evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.").

The Fourth Circuit has suggested that, "[g]enerally speaking, 'bad acts' evidence, admissible under Rule 404, is not barred by Rule 403 where such evidence 'did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged.'" *United States v. Beyers*, 649 F.3d 197, 210 (4th Cir. 2011) (quoting *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995)). Conduct that is substantially similar to the charged offense lessens the danger that the jury will be provoked to behave irrationally. *United States v. Comstock*, 412 F. App'x 619, 625 (4th Cir. 2011).

Here, prior firearm possession fits squarely within relevant and admissible "other crimes" evidence to prove that the possession at issue was with knowledge and intentional. This is precisely the kind of "other acts" evidence commonly admitted in this Circuit. *See, e.g., United States v. Melvin*, 2007 WL 2046735 at *13–14 (4th Cir. Jul. 13, 2007) (affirming district court's admission of evidence of the circumstances of a prior felony conviction for transportation of a firearm as evidence of knowledge and intent in a subsequent felon-in-possession case); *United States v. Allen*, 2007 WL 840482 at *1 (4th Cir. Mar. 20, 2007) (affirming district court's finding that evidence of the defendant's prior assaults and prior gun possession was admissible at a subsequent trial on felon-in-possession charges); *United States v. Burton*, 2005 WL 3105681 at *1–2 (4th Cir. Nov. 21, 2005) (affirming district court's admission of a stipulation describing the

defendant's three prior convictions for illegal possession of a firearm, where such prior convictions were admitted as proof of the knowledge and intent elements of a felon-in-possession charge). The prior conduct is the same as the conduct charged, simply possessing a firearm, meaning it is no more sensational than the charged crime. The Court should permit the Government to introduce Brown's prior felon in possession of a firearm conviction from 2011 and the Instagram video of Brown in possession of a firearm from 2018.

Further, to address any danger of unfair prejudice, the Court could provide a limiting instruction informing the jury that it could only consider the evidence for the purposes of determining whether the defendant acted knowingly and intentionally and not because of some mistake or accident. *See, e.g., United States v. Mohr*, 318 F.3d 613, 620 (4th Cir. 2003) ("[A] careful limiting instruction significantly ameliorated any possible unfair prejudice."); *United States v. Powers*, 59 F.3d 1460, 1468–69 (4th Cir. 1995) (noting that cautionary or limiting instructions generally obviate prejudice).

## II. Brown's Prior Felony Convictions Should be Admitted Under Federal Rule of Evidence 401 to Prove Knowledge of His Status of Being a Convicted Felon

All relevant evidence is admissible, except as provided by the Constitution, by act of Congress, by the Federal Rules of Evidence, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Fed. R. Evid. 402. Evidence is relevant if it tends to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

In 2019, the Supreme Court held in *Rehaif v. United States*, --- U.S. ---, 193 S. Ct. 2191 (2019) that "[t]he government must prove beyond a reasonable doubt that a defendant 'knew he belonged to the relevant category of persons barred from possessing a firearm.'" *United States v.*

9

*Moody*, --- F. ---, 2021 WL 2546180 at *8 (4th Cir. 2021) (citing *Rehaif* 193 S. Ct. 2191).[1] One of those categories—the one that Brown is a member of—is being convicted a crime that is punishable by more than one year. *See* 18 U.S.C. § 922(g)(1).

Evidence of knowledge of a prior conviction will typically come in the form of the conviction itself given the inference that a defendant would know his own criminal history, especially if he was sentenced to more than a year or served more than a year in prison. "Convicted felons typically know they're convicted felons." *United States v. Lavalais*, 960 F.3d 180 (5th Cir. 2020). For example, in *United States v. Allen*, the government sought to introduce evidence of defendant's prior felony convictions to prove that the defendant knew he was barred from possession of a firearm. 2020 WL 6462392, at *1 (N.D. Cal. 2020). The court granted the "government's motion to admit certified, redacted copies of the judgment copies (including the sentence actually imposed in each case) and a redacted copy of the change of plea transcript." *Id.* at *3. The district court determined that evidence of the defendant's prior convictions and sentences are not "Rule 404(b) "other acts" evidence," but rather "directly and highly probative evidence of an element of the charged offense," knowledge that he had been a convicted of a felony at the time he possessed the firearm. *Id.* The court also noted that "Rule 403 does not require exclusion of this evidence either" because "such evidence has exceptionally high, even

---

[1] Brown suggested in his proposed jury instruction that the Government must prove that Brown knew the law prohibited him from possessing a firearm. *See* ECF 60. That is wrong. The Fourth Circuit and every other Circuit Court to consider this argument has rejected it. Instead, the knowledge that the government must prove is that the defendant knew he had been convicted of a crime that was punishable by more than one year. *See, e.g.*, *United States v. Moody*, --- F. ---, 2021 WL 2546180 at *8 (4th Cir. 2021); *United States v. Collins*, 982 F.3d 236, 242 (4th Cir. 2020); *United States v. Beasley*, 832 F. App'x 314, 315 (5th Cir. 2020); *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019); *United States v. Maez*, 960 F.3d 949, 954-55 (7th Cir. 2020); *United States v. Davies*, 942 F.3d 871, 874 (8th Cir. 2019); *United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020); *United States v. Benton*, 988 F.3d 1231, 1238 (10th Cir. 2021); *United States v. Johnson*, 981 F.3d 1171, 1189 (11th Cir. 2020).

determinative, probative value on the relevant question, and that value clearly is not substantially outweighed by any of the concerns identified in Rule 403." *Id.*

Here, the Government seeks to introduce the conviction records for Brown's following Maryland convictions (all which would prohibit him from possessing a firearm under 18 U.S.C. § 922(g)):

| Case No. | Year | Conviction | Max Penalty | Sentence |
|---|---|---|---|---|
| 110363014 | 2011 | Firearm Possession with Felony Convictions | Md. Public Safety Code § 5-133; Felony; 15 years (minimum of 5 years) | 5 years without parole |
| 03-K-10-005869 | 2011 | Controlled Dangerous Substance: Distribute Narcotics | Md. Crim Code § 5-602; Felony; 20 years (higher for repeat offenders) | 1 day |
| 107249034 | 2008 | Controlled Dangerous Substance Manufacture/Distribute/Dispense Narcotics - Conspiracy | Md. Crim Code § 5-602; Felony; 20 years (higher for repeat offenders) | 4 years, 3 years 5 months 28 days suspended

VOP 2011: 3 years |
| 206055024 | 2006 | Controlled Dangerous Substance: Possession with intent to Manufacture/Distribute/Dispense | Md. Crim Code § 5-602; Felony; 20 years (higher for repeat offenders) | 2 years, 1 year 7 months 23 days suspended |
| 203170029 | 2003 | Controlled Dangerous Substance: Possession with intent to Manufacture/Distribute/Dispense | Md. Crim Code § 5-602; Felony; 20 years (higher for repeat offenders) | 3 years |
| 800209021 | 2000 | Controlled Dangerous Substance: Manufacture/Distribute/Dispense Narcotics – Attempted | Md. Crim Code § 5-602; Felony; 20 years (higher for repeat offenders) | 1 year 6 months |
| 200116016 | 2000 | Controlled Dangerous Substance: Possession | Md. Crim Code § 5-602; Felony; 20 years (higher for | 1 year 6 months |

11

| | | with intent to Manufacture/Distribute/Dispense | repeat offenders) | |
|---|---|---|---|---|
| 199085068 | 1999 | Second Degree Assault | Md. Crim Code § 3-203; Misdemeanor; 10 years | 10 years, 8 years 6 months suspended<br><br>VOP 2003: 8 years, 6 years 10 month suspended |

The certified records of these convictions are attached to this motion as Exhibit B. In addition, the Government seeks to introduce video of a portion of his 2011 trial (where he stipulated that he could not possess a firearm due to his prior convictions) and his 2008 and 2011 plea/sentencing (where he was told the maximum penalty for possession with intent to distribute was 20 years and that it was a felony). The video of these proceedings is attached to this motion as Exhibit C.

Specifically, during the plea hearing on May 29, 2008, Brown was advised of the maximum penalty of twenty years for his conviction for CDS: Manufacture/Distribute/Dispense Narcotics – Conspiracy, and he stated that he understood. *See* Video of Plea Hearing, 5/29/2008 at 12:33:05 (Exhibit C). In his violation of probation sentencing on October 11, 2011 relating to that same 2008 conviction, Brown was advised by the judge that his conviction for distributing drugs was a felony. *See* Video of Sentencing Hearing, 10/11/2011 at 10:33:29 (Exhibit C). Brown has six similar convictions for drug distribution. These advisements of the maximum penalties and his acknowledgement of them are direct evidence that Brown knew that he had been convicted of a crime punishable by more than one year.

Brown's prior conviction for possession of a firearm with a felony conviction is also direct evidence of his knowledge that he had a felony conviction. The title of the charge alone would have made Brown aware that he had at least one prior felony conviction. Further, Brown stipulated

in that case that had a qualifying conviction that would not permit him to possess a firearm. Specifically, during the trial, the Assistant States Attorney read the following stipulation into evidence:

> The final stipulation is stipulation of fact: the defendant has been charged with the offense of possession of a regulated firearm after having been previously convicted of a crime under state law that would prohibit his possession of a regulated firearm. The parties hereby stipulate the defendant has been previously convicted of a crime that would prohibit his possession of a regulated firearm.

Video of Trial, 10/07/2011 at 10:06:57 to 10:07:29 AM (Exhibit C). The defendant agreed to this stipulation, and he was sitting in the courtroom when it was read. *Id.*

Other courts that have considered this issue have agreed: a prior conviction for being a felon in possession of a firearm proves the status-knowledge element. *United States v. Benamor*, No. 17-50308, 2019 WL 4198358, at *5 (9th Cir. Sept. 5, 2019) ("[T]he prior convictions for being a felon in possession of a firearm and being a felon in possession of ammunition proved beyond a reasonable doubt that Defendant had the knowledge required by *Rehaif*...."); *United States v. Phillips*, 475 F. Supp. 3d 1271, 1277 (D.N.M. 2020)("To the extent that Mr. Phillips' prior Felon in Possession convictions show his knowledge on that issue, they will likely be relevant at trial."); *United States v. Gilcrest*, --- F. App'x ---, 2019 WL 6273396, at *4 (11th Cir. Nov. 25, 2019) (per curiam) (holding, on plain error review of a felon-in-possession conviction after *Rehaif*, that the defendant did not establish that the asserted error was prejudicial in light of his prior convictions, including one "for possessing a firearm as a felon, which was enough on its own to inform him of his status.")

In addition to the felon in possession conviction, each of Brown's other qualifying convictions are relevant because the existence of prior convictions where the sentence was punishable by more than one year provide evidence of § 922(g)(1)'s status-knowledge element.

This is especially true when the sentence was for longer than a year. Setting aside suspended sentences, a Court sentenced Brown to more than a year in prison on six prior occasions. *See Rehaif*, 139 S. Ct. at 2209 (Alito, J., dissenting) (noting that "[j]uries will rarely doubt that a defendant convicted of a felony has forgotten th[e] experience" of imprisonment and other sentencing consequences); *United States v. Williams*, 776 F. App'x 387, 388 (8th Cir. 2019) (per curiam) (unpublished) (holding that defendant's prior guilty plea and imprisonment for murder were evidence that defendant had knowledge of his felon status under § 924(g)(1) for purposes of satisfying Rehaif); *United States v. Denson*, 774 F. App'x 184, 185 (5th Cir. 2019) (citing the presentence investigative report where defendant admitted that he had "previously been convicted of felony offenses" to hold that defendant had knowledge of his felon status under Rehaif); *United States v. Hollingshed*, No. 17-2951, 2019 WL 4864969, at *3 (8th Cir. Oct. 3, 2019) (holding that defendant's prior conviction and imprisonment "indicate[d] that [the defendant] knew he had been convicted" of a felony); *Shrader v. United States*, No. 1:09-cr-00270, 2019 WL 4040573, at *4 n.2 (S.D.W. Va. Aug. 27, 2019) (finding that defendant's prior convictions and substantial prison sentence would bar him from relief even if *Rehaif* were made retroactive on collateral review).

Further, introduction of all eight of the above convictions and the sentences Brown received, not just some, is probative of Brown's status-knowledge. If Brown didn't know the first time that he had been convicted of a crime punishable by more than one year, he knew the eighth time.[2] *See, e.g. U.S. v. Reynolds*, 2020 WL 5235316, at *4 (D. Nev., Sept. 2, 2020) (finding that 13 total years in prison on five felony convictions "renders it implausible that Reynolds did not know at the time of this offense that he had been convicted of a crime punishable by imprisonment

---

[2] Brown has a ninth qualifying conviction, but the Government does not seek to introduce that conviction. It is for possession of contraband in prison. It is a misdemeanor that carries a maximum of three years. Brown was sentenced to 90 days.

14

for a term exceeding one year and forecloses his actual-prejudice arguments."); *U.S. v. Lowe*, 2020 WL 2200852, at *2 (D. Nev. May 6, 2020) (finding that evidence of serving five years in prison "proves beyond a reasonable doubt that Lowe well knew at the time of the offense that he had been convicted of 'a crime punishable by imprisonment for a term exceeding one year.' "); *Whitley v. U.S.*, Case No. 04 Cr. 1381 (NRB), 2020 WL 1940897, at *2 (S.D.N.Y. Apr. 22, 2020) (finding that "any argument that Whitley was prejudiced therefrom is belied by the sheer implausibility that, after having been convicted of multiple prior felony convictions for which sentences exceeding a year had been imposed, and having in fact served more than a year in prison in connection therewith, Whitley nevertheless lacked the requisite awareness of his restricted status."); *MacArthur v. U.S.*, 2020 WL 1670369, at *10 (D. Me. Apr. 3, 2020) ("The record, including the presentence investigation report, shows that Petitioner had numerous prior felony convictions over many years before the § 922(g) conviction at issue . . . [thus] the Government would have been able to prove beyond a reasonable doubt that Petitioner knew of his prohibited status at the time he possessed the firearm."); *United States v. Reed*, No. 17-12699, 2019 WL 5538742, at *3 (11th Cir. Oct. 28, 2019) ("When [the defendant] possessed the firearm, he had been convicted of eight felony convictions .... [T]he jury could have inferred ... that [the defendant] knew he was not supposed to have a gun.") (emphasis in original); *United States v. Spurlin*, No. 5:15-cr-1/MW/MJF, 2019 WL 4722467, at *6 n.5 (N.D. Fla. Aug. 16, 2019) ("[E]ven if [defendant] had claimed ignorance of his status as a convicted felon, his lengthy criminal history and extensive experience with the criminal justice system, the fact that [defendant] was an experienced drug dealer, and the fact the he was on federal supervised release at the time he committed the offenses at issue, would make any claim that [defendant] did not know he was a convicted felon incredible.").

For all of these reasons, the Government seeks to introduce evidence related to Brown's prior convictions and the video portions described above from his prior court proceedings under Federal Rule of Evidence 401 because they tend to make it more probable that Brown knew he had been convicted of a crime punishable by more than one year on May 19, 2019 when he was in possession of a firearm, an element that the Government must prove at trial.

### III. Brown's Prior Felony Convictions Should be Admitted Under Federal Rule of Evidence 609 if He Chooses to Testify.

Under Federal Rule of Evidence 609, if the defendant in a criminal case testifies, then prior felony convictions "**must** be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B) (emphasis added). If more than 10 years have passed since the later of conviction or release from confinement, the conviction is admissible only if the probative value (based on specific facts and circumstances) substantially outweighs the prejudicial effect. *Id.*

Prior felony convictions are probative of truthfulness. The Fourth Circuit has held that "as a general rule, convictions of felony are admissible as going to the credibility of a witness." *United States v. Truslow*, 530 F.2d 257, 265 (4th Cir. 1975); *United States v. Miller*, 478 F.2d 768, 769 (4th Cir. 1973) (stating that "'[p]rior criminal convictions for felonies or misdemeanors involving moral turpitude ordinarily constitute material impeaching evidence.'") (citation omitted). Furthermore, several courts have held that "[p]rior drug-trafficking crimes are generally viewed as having some bearing on veracity." *United States v. Brito*, 427 F.3d 53, 64 (1st Cir. 2005) (citing *United States v. Gant*, 396 F.3d 906, 909-10 (7th Cir. 2005) and *United States v. Lattner*, 385 F.3d 947, 961 (6th Cir. 2004)).

Admission of the prior drug convictions for impeachment would not be unduly prejudicial to the Defendant. *Miller*, 478 F.2d at 768. A trial court may use its discretion to limit impeachment

16

by a prior conviction, but a limitation should occur only if there is reason to believe that "the prejudicial effect of the earlier convictions . . . will outweigh their possible probative force in impeaching credibility." *Id.* at 769 (citing *United States v. Hildreth*, 387 F.2d 328, 329 (4th Cir. 1967)).

"Perhaps most important[ly]," the court must determine whether the outcome will "hinge[] on a credibility choice" in which the jury must "decide whether to believe [the defendant] or the police officers." *Brito*, 427 F.3d at 64. "The salience of the credibility issue weighs in favor of admitting the prior convictions." *Id.* (citing *United States v. Pritchard*, 973 F.2d 905, 909 (11th Cir. 1992); *United States v. Oakes*, 565 F.2d 170, 173 (1st Cir. 1977); *accord Truslow*, 530 F.2d at 265 (noting how prior felony convictions are usually admissible as they go to credibility). In admitting this evidence, courts have recognized that "'[i]t would be patently unfair and misleading to the jury'" to allow the defendant, if he chose to testify, to appear "pristine" on the witness stand when in fact he had several prior convictions which could have been used to impeach his credibility and provide the jury with a more accurate picture on the issue of credibility. *United States v. Brown*, 2009 WL 728448 at *10-11 (E.D.N.Y. Mar. 10, 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 785 (2d Cir. 1977)).

When these factors favor the Government, then the Government should be permitted to elicit "the name of the crime, the time and place of conviction, and the punishment." *Miller*, 478 F.2d at 770 n.4 (citing McCormick on Evidence (1972 Ed.) § 43, p. 88).

Brown's prior drug convictions are felony convictions, and hence under *Truslow* and *Miller*, they are probative of the Defendant's credibility. *Truslow*, 530 F.2d at 265; *Miller*, 478 F.2d at 769; *see also Brito*, 427 F.3d at 64 (noting that "[p]rior drug-trafficking crimes are generally viewed as having some bearing on veracity"). Further, if the Defendant testifies, his

credibility will be an issue as he is likely to claim that he did not know he could not possess a firearm (even though that is no defense in this case and there is evidence suggesting otherwise). The Government should be permitted to admit Brown's prior drug convictions if the Defendant testifies to question his credibility. The Government should also be permitted to admit Brown's prior conviction for possessing a firearm with a felony conviction if he testified that he did not know he could not possess a firearm.

## **CONCLUSION**

      Based on the foregoing, the United States respectfully requests that the Court grant this motion and permit admission of the Defendant's prior firearm conviction and prior firearm possession under Rule 404(b), all document related to his prior convictions under Rule 401 (to prove knowledge of status), and his prior drug convictions and firearm possession conviction under Rule 609 (if the defendant chooses to testify).

Respectfully submitted,

*Lindsey McCulley*
_____
Lindsey McCulley, Assistant U.S. Attorney
Patricia McLane, Assistant U.S. Attorney
36 South Charles St., 4th Floor
Baltimore, MD 21201
410-209-4800